UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JMB SHIPPING ATB 205, LLC** | **CIVIL ACTION NO.** |
| | **SECTION " "** |
| **VERSUS** | **JUDGE:** |
| **M/V BELLA and Barge UMS 205,** *in rem,* **and UNICO MARINE,** *in personam* | **MAG. JUDGE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **VERIFIED COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes JMB Shipping ATB 205, LLC ("JMB Shipping"), who for its Verified Complaint against Unico Marine, *in personam*, and the M/V BELLA and Barge UMS 205, *in rem*, alleges upon information and belief the following:

### **JURISDICTION AND VENUE**

1.

This is a cause within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rules B and D of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (the "Admiralty Rules').

2.

Venue is proper in the Eastern District of Louisiana because *in rem* defendants, M/V BELLA and Barge UMS 205 are or will during the pendency of this action be present within the District and because property of *in personam* defendant Unico Marine is or will during the pendency of this action be present within the District.

## PARTIES

3.

JMB Shipping was and is at all material times a company organized and operating pursuant to the laws of the State of California, with a principal business location at 205 South Martel Avenue, Los Angeles, California 90036. JMB Shipping was and is at all material times the registered owner of the M/V BELLA and Barge UMS 205.

4.

The M/V BELLA (previously named M/V LINDA LEE BOUCHARD) was and is at all material times a pusher tug of 687 gross tons bearing Official No. 1189191 and sailing under the flag of the United States.

5.

Barge UMS 205 (previously named Barge B No. 205) was and is at all material times an asphalt/black oil capable barge approximately 430' in length bearing Official No. 1191747. The BELLA and UMS 205 are designed and intended to be mated together to form an articulated tug and barge unit (hereinafter, the "Vessel").

6.

*In personam* defendant Unico Marine was and is at all material times a company organized and operating pursuant to the laws of the State of Texas with a principal business location at 3773 Richmond Avenue, Suite 565, Houston, Texas 77046.

## FACTUAL ALLEGATIONS

7.

On or about May 5, 2021, Unico Marine entered into a Bareboat Charter Agreement (the "Agreement") wherein Unico Marine agreed to charter the Vessel (then named LINDA LEE

BOUCHARD and Barge B No. 205) from the Vessel's prior owners, Tug Linda Lee Bouchard Corp. and B. No. 205 Corp. *See* Bareboat Charter Agreement, attached as Exhibit A.

8.

Under the terms of the Agreement, Unico Marine agreed to bareboat or demise charter the Vessel in exchange for monthly charter hire of $8,600.00 per calendar day or part thereof for the Agreement's initial Term of six (6) months, ending on February 18, 2022. *See* Agreement, Cl. 6. The Agreement provides that charter hire is "payable monthly in advance on the first day of each month, or if the 1st falls on a non-banking day, the last banking day of the previous month, by CHARTERERS to OWNERS." *Id.*

9.

During the initial Term of the Agreement, the Vessel was offered and sold at judicial auction by the U.S. Bankruptcy Court for the Southern District of Texas as an asset of Bouchard Transportation Co., Inc., the Vessel's former beneficial owner and debtor in *In re: Bouchard Transportation Co., Inc.*, Case No. 20-34682, pending in the United States Bankruptcy Court for the Southern District of Texas Houston Division (the "Bouchard Bankruptcy"). JMB Capital Partners Lending, LLC was the successful bidder in the auction of the Vessel and acquired ownership of the Vessel on or about July 26, 2021. *See* Notice of Filing Asset Purchase Agreements, Rec. Doc. 1124 in the Bouchard Bankruptcy, attached as Exhibit B; Notice of Successful Bidders and Backup Bidders With Respect to the Auction of the Debtors' Assets, Rec. Doc. 1114 in the Bouchard Bankruptcy. Attached as Exhibit C.

10.

Under Schedule 1.2 of the Asset Purchase Agreement dated July 26, 2021, JMB Capital Partners Lending, LLC, assumed the bareboat charter agreements between Unico and B. No. 205

Corp. and TUG LINDA LEE BOUCHARD CORP. *See* Asset Purchase Agreement dated July 26, 2021, attached as Exhibit D. JMB Capital Partners Lending, LLC thereafter transferred ownership of the Vessel to JMB Shipping, Plaintiff in this action, who became registered owner of the Vessel on or about August 5, 2021. *See* Recorded Bill of Sale for B. No. 205 dated August 5, 2021 attached as Exhibit E and Recorded Bill of Sale for the M/V LINDA LEE BOUCHARD dated August 5, 2021 attached as Exhibit F.

11.

Section 6 of the Agreement provides that charter hire payments are payable monthly in advance on the first day of each month:

> CHARTER HIRE: For the base term and the first option period, if exercised by the CHARTERER, of this AGREEMENT, Charter Hire shall be $8,600.00 USD per calendar day or part thereof, payable monthly in advance on the first day of each month, or if the 1st falls on a non-banking day, the last banking day of the previous month, by CHARTERER TO OWNERS, commencing on the date of delivery of the VESSEL to CHARTERER.
>
>      \*          \*          \*
>
> (a) The CHARTERER shall pay hire due to OWNERS punctually in accordance with the terms of this AGREEMENT. If the CHARTERER fails to make punctual payment of hire due, the OWNERS shall give the CHARTERERS three (3) banking days written notice to rectify the failure, and when so rectified within those three banking days following the OWNERS' notice, the payment shall stand as punctual.

12.

Per the terms of the Agreement, JMB Shipping issued invoices to Unico Marine on August 23, 2021 (Invoice No. 2) in the amount of $251,550.00 and September 23, 2021 (Invoice No. 3) in the amount of $259,935. *See* Invoices Nos. 2 and 3 attached hereto as Exhibit G.

13.

On September 10, 2021, Unico Marine issued payment to JMB Shipping in the total amount of $251,550.00. *See* wire transfer receipts attached as Exhibit H. Unico Marine has not made any additional payments to JMB Shipping since September 10, 2021, and therefore, $259,935 remain outstanding and due no later than October 1, 2021. However, no payment for the outstanding charter hire amount was received by JMB Shipping by close of business on October 1, 2021. Unico Marine's failure to make timely payments of charter hire constitutes a breach and event of default under the governing Agreement.

14.

After the close of banks on October 1, 2021, JMB Shipping placed Unico Marine on notice that it was in breach of the governing Agreement due to its failure to timely pay charter hire and requesting payment of the outstanding charter hire amount within the three (3) banking day grace period and no later than Wednesday, October 6, 2021.[1] However, JMB Shipping did not receive any payment from Unico Marine as of close of banks on October 6, 2021.

15.

Clause 20 of the Agreement provides in relevant part as follows:

> **TERMINATION AND DEFAULT:** If CHARTERER shall fail to pay any charter hire due for more than three (3) banking days after the due date thereof (subject to notice and cure period)… then OWNERS may, at their option, withdraw the VESSEL from the service of the CHARTERER and terminate this AGREEMENT by giving written notice to CHARTERER, without prejudice to any claim for damages suffered or to be suffered by reason of the CHARTERER's default (including reimbursement of attorneys' fees and costs) which OWNERS might otherwise have had against CHARTERER in the absence of withdrawal; and upon giving such notice or at any time thereafter, OWNERS may retake possession of the VESSEL, wherever found, without prior demand and without legal process, and for that purpose OWNERS and/or their authorized representatives, including any court appointed custodians or substitute custodian, may enter upon any dock, pier, fleet or other premises where the VESSEL may be or may take possession thereof.

---

[1] *See* Email from Steven Shenker dated October 1, 2021, attached as Exhibit I.

16.

Unico Marine failed to cure the default arising from non-payment of charter hire under the Agreement within three (3) banking days. Accordingly, JMB Shipping is entitled to immediate possession of the Vessel, together with such other relief to which JMB Shipping may be entitled.

17.

Following receipt of JMB Shipping's invoice of September 23, 2021, Unico alleged that the Barge 205's thermal heating system is not functioning correctly due to a leak in the system. Unico alleged that the problem with the thermal heating system was a latent defect under Cl. 7(a) of the Agreement and noticed JMB Shipping that they were placing the M/V BELLA and the Barge 205 off-hire. JMB Shipping denied and continues to deny, Unico's latent defect allegations noting that the pre-delivery testing performed on the Vessel and witnessed by the U.S. Coast Guard did not detect any malfunctions or leaks of the Vessel's thermal heating system. *See* attached Certificate of Thermal Fluid Heater Hydro Test dated August 3, 2021, and Certificate of Thermal Fluid Coil Nitrogen test for Barge B. No. 205 dated June 14, 2021, attached hereto as Exhibit J. Accordingly, Unico's latent defect allegations are baseless and Unico's purported notice placing the Vessel offhire is an additional breach of the Agreement.

18.

In addition, upon information and belief, Unico has allowed third-party liens to accrue against the Vessel in violation of Cl. 19(a) of the Agreement which states in relevant part: "Neither CHARTERERS nor any other person shall have the right, power or authority to create, incur or permit to be placed or imposed upon the VESSEL any lien or encumbrances whatsoever." The Vessel has been threatened with arrest by brokers to execute on said liens accrued in violation of Cl. 19(a). This additional breach of the Agreement by Unico lends further urgency to the present action.

## ADMIRALTY RULE D CLAIM

19.

JMB Shipping incorporates all foregoing allegations as Admiralty Rule D allegations as if set forth herein *in extenso*.

20.

Admiralty Rule D provides:

In all actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel, in all actions so maintainable with respect to the possession of cargo or other maritime property, and in all actions by one or more part owners against the others to obtain security for the return of the vessel from any voyage undertaken without their consent, or by one or more part owners against the others to obtain possession of the vessel for any voyage on giving security for its safe return, the process shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties.

21.

Unico Marine's breach of the Agreement by failure to pay charter hire when due constitutes an event of default that entitles JMB Shipping to retake possession of the Vessel. JMB Shipping has complied with all notice, delay, and cure periods applicable under the Agreement, and has demanded immediate restoration of the Vessel to JMB Shipping's possession in accordance with the Agreement and governing law. Unico Marine has refused JMB Shipping's demand in further breach of the Agreement. Accordingly, JMB Shipping is entitled to an Order of this Court for the issuance of a Warrant of Arrest of the M/V BELLA and UMS 205 and thereafter for delivery of the Vessel into the custody and possession of JMB Marine.

## ADMIRALTY RULE B CLAIM

22.

JMB Shipping incorporates all foregoing allegations as Admiralty Rule B allegations as if set forth herein *in extenso*.

23.

Unico Marine is indebted to JMB Shipping in the total amount of $259,935.00 for charter hire past due and owing under the Agreement. On information and belief, Unico Marine is a non-resident of this District and is not amenable to suit or service in this District but does possess property within this district subject to attachment and garnishment, *to wit*, bunkers, equipment, and other property onboard the M/V BELLA, a vessel presently within the jurisdiction of this Court, and/or funds within the possession of Unico Shipping's agents. JMB Shipping is entitled to an order of attachment and garnishment of any and all property of Unico Marine within this District.

## PRAYER FOR RELIEF

WHEREUPON, JMB Shipping ATB 205, LLC respectfully requests this Court issue an Order for the issuance of a Warrant of Arrest of the M/V BELLA and UMS 205 and thereafter for delivery of the Vessel into the custody and possession of JMB Shipping and an order of attachment and garnishment of any and all property of Unico Marine within this District.

Respectfully submitted:

LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD

*/s/ Alan R. Davis*
_____
ALAN R. DAVIS, (La. Bar #31694)
ADELAIDA J. FERCHMIN (La. Bar. #29859)
DESTINEE RAMOS (La. Bar #37681)
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
E-mail:  adavis@lawla.com
    aferchmin@lawla.com
    dramos@lawla.com
*Attorneys for JMB Shipping ATB 205, LLC*